Eve H. Cervantez (SBN 164709)
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: ecervantez@altshulerberzon.com
        dleonard@alshulerberzon.com

Matthew J. Matern (SBN 159798)
Dalia R. Khalili (SBN 253840)
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
Email: mmatern@maternlawgroup.com
        dkhalili@maternlawgroup.com

*Attorneys for Plaintiff*

[Additional Counsel on Following Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| DOUG YAUNEY, individually on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HCI, LLC,<br><br>Defendant. | Case No.  5:22-cv-1769<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

J. Gerard Stranch, IV* (BPR #023045)
BRANSTETTER, STRANCH &
   JENNINGS, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
Email: gerards@bsjfirm.com

Alyson Steele Beridon* (OH #87496)
BRANSTETTER, STRANCH &
   JENNINGS, PLLC
425 Walnut St., Suite 2315
Cincinnati, OH 45202
Telephone (513) 381-2224
Facsimile: 615/255-5419
Email: alysonb@bsjfirm.com

Lynn A. Toops*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481
Email: ltoops@cohenandmalad.com

Samuel Strauss*
TURKE & STRAUSS, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: 608-237-1775
Email: Sam@turkestrauss.com

*Attorneys for Plaintiffs*

*pro hac vice* application forthcoming

Doug Yauney (the "Plaintiff"), on behalf of himself and a putative class of similarly situated former employees as defined herein, brings this suit against HCI, LLC by way of this Class Action Complaint against Defendant, and alleges as follows:

## NATURE OF THE ACTION

1.     This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 USC § 2101-2109 (the "WARN Act") and/or the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, *et. seq.* ("the California WARN Act")*,* by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendant HCI, LLC, their employer for WARN Act and California WARN Act purposes.

2.     On or about August 9, 2022 HCI, LLC made a mass layoff and/or plant closing by unilaterally and without notice shutting down HCI, LLC with no notice to employees.

3.     HCI, LLC failed to provide 60 days advance written notice as required by the WARN Act, 29 USC § 2101 *et seq.,* and the California WARN Act, Cal. Lab. Code § 1400, *et. seq.,* to the affected employees.

4.     On August 9, 2022, HCI, LLC informed the affected employees that their services would no longer be required and that they were being terminated.

5.     Because of the August 9, 2022 terminations, HCI, LLC's reduction in force constituted a mass layoff or plant closing which became effective on August 9, 2022.  As such, Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act and the California WARN Act.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over Plaintiff's WARN Act claim pursuant to 28 U.S.C § 1331and 29 USC § 2104(a)(5).  The Court has supplemental jurisdiction over Plaintiff's California WARN Act claim pursuant to 28 U.S.C §

1367(a) because the claim derives from the same common nucleus of operative fact as the WARN Act claim and forms part of the same case or controversy.

7.   Venue is proper in this district pursuant to 29 USC § 2104(a)(5).

## **PARTIES**

8.   Plaintiff Doug Yauney ("Yauney") is a citizen of the United States and resident of San Bernadino County, California. Plaintiff Yauney was employed by HCI, LLC at all relevant times.  Plaintiff is an "aggrieved employee" within the meaning of 29 USC § 2104(a)(7) and an "employee" within the meaning of Cal. Lab. Code § 1400(h).

9.   Defendant HCI, LLC is a California Limited Liability Company with its principal place of business at 6830 Airport Dr. Suite A, Riverside, CA 92504. Defendant may be served via its registered agent, George Blanco at 6830 Airport Dr. Suite A, Riverside, CA 92504.

## **FACTS**

10.   HCI, LLC is a company that provides telecommunications services.

11.   On or about August 9, 2022, without notice or warning, HCI emailed employees that the plant was closing.  Before that time, HCI did not notify its employees that their employment would be terminated.

12.   HCI, LLC did not provide any WARN Act Notice as required by 29 USC § 2101 *et seq*. and Cal. Lab. Code § 1400 *et. seq.* even though it planned to close the plant and abolish, terminate, and/or layoff the full-time employees employed there.

13.   Upon information and belief, HCI, LLC did not provide any WARN Act Notice as required by 29 USC § 2101 *et seq*. and Cal. Lab. Code § 1400 *et. seq.* to the State of California, any entity designated by the State of California to carry out rapid response activities, the State of California Economic Development Department, or the chief elected official of Riverside city or county, of the closure.

14.    Upon information and belief, more than 100 people worked at the job site.

15.    Upon information and belief, no circumstances existed that would have permitted HCI, LLC from reducing the notification period as provided in 29 USC § 2102(b) or Cal. Lab. Code § 1402.5.

16.    By failing to provide its affected employees who were temporarily or permanently terminated on or around August 9, 2022, with WARN Act Notices and other benefits, Defendant has acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## **RULE 23 CLASS ACTION ALLEGATIONS**

17.    Plaintiff brings his WARN Act and California WARN Act claims as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class:

> All employees of HCI, LLC whose employment was permanently terminated or temporarily suspended within 30 days of August 9, 2022.

18.    Class Action treatment of Plaintiff's WARN Act and California WARN Act claims are appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied.  For example:

> a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).
>
> b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 USC § 2102 and/or California WARN

Act, Cal. Lab. Code § 1401.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiff is a member of the class, and his claims are typical of the claims of other class members.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiff will fairly and adequately represent the class and its interests.  Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members.  Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

19.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

20.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

21.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

//

//

//

## VIOLATIONS OF THE WARN ACT, 29 USC §§ 2101, *et seq.*

## COUNT I

## (WARN Act)

22.     Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

23.     HCI, LLC is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).  HCI, LLC employed over 100 full-time employees for at least six months of the twelve months preceding the date notice was required by the WARN Act.

24.     Plaintiff and those he seeks to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

25.     The August 9, 2022 closing of HCI, LLC constituted a "plant closing" as defined in 29 USC § 2101(a)(2) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

26.     To the extent that the August 9, 2022 closing of HCI, LLC is not a "plant closing" as defined in 29 USC § 2101(a)(2), then the closing of HCI, LLC constitutes a "mass layoff" as that term is used in 29 USC § 2101(a)(3) in that the closure resulted in an employment layoff of at least 33 percent of the employees and at least 50 employees of HCI, LLC.

27.     The August 9, 2022 closing of HCI, LLC terminated over 50 employees of the approximately 150 employees of HCI, LLC, resulting in "employment losses" as defined in 29 USC § 2101(a)(3)(B)(i)(I) and (II).

28.     The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 USC § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 USC §] 3174(a)(2)(A)," as well as to "the chief elected

official of the local government within which such closing or layoff is to occur," 29 USC § 2102(a)(2).

29.    On information and belief, prior to August 9, 2022, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5).

30.    Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 USC § 2102(a), which began on or about August 9, 2022, and which was continuing as of the filing of this complaint.

31.    As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 USC § 2104(a)(7).

32.    The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 USC § 2102.  *See* 29 USC § 2104(5).

33.    Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 USC § 2102.

## VIOLATIONS OF THE CALIFORNIA WARN ACT,

### Cal. Lab. Code § 1400, *et seq*.

### COUNT II

### (California WARN Act)

34.    Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

35.    HCI, LLC is an "employer" within the meaning of the California WARN Act, Cal. Lab. Code § 1400(b).

36.    HCI, LLC employed 75 or more persons within the preceding 12 months and is a "covered establishment" within the meaning of the California WARN

Act, Cal. Lab. Code § 1400(a).

37.    Plaintiff and those he seeks to represent were at all relevant times "employees" within the meaning of the Cal. Lab. Code § 1400(h).

38.    The August 9, 2022 closing of HCI, LLC constituted a "layoff," "mass layoff," or "termination" as defined in Cal. Lab. Code § 1400(c), (d), and (f) in that it was a permanent or temporary shutdown of a single site of employment that resulted in an employment loss for 50 or more employees. Upon information and belief, the shutdown will last longer than 30 days.

39.    The California WARN Act requires employers to provide 60-days' notice of any mass layoff, relocation, or termination to "the employees of the covered establishment covered by the order" under Cal. Lab. Code § 1401(a)(1).

40.    On information and belief, prior to August 9, 2022, Defendant did not give any prior written notice of the layoff, mass layoff, or termination to any "employee," including Plaintiff and those he seeks to represent, as that term is defined in Cal. Lab. Code § 1400(b).

41.    Defendant violated the California WARN Act by failing to give timely written notice of the mass layoff as required by Cal. Lab. Code § 1401, which began on or about August 9, 2022, and which was continuing as of the filing of this complaint. On information and belief, HCI did not notify the State of California, Employment Development Department, or the chief elected officials of the city or county of Riverside as required by Cal. Lab. Code § 1401 in advance of the "mass layoff" or "termination."

42.    As such, Plaintiff and those he seeks to represent are "employee[s]" within the meaning of the Cal. Lab. Code § 1400(h).

43.    The California WARN Act expressly permits a person to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of Cal. Lab. Code § 1404.

44.    Moreover, Defendant's violations of the California WARN Act were

CLASS ACTION COMPLAINT

not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at Cal. Lab. Code § 1401.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.      Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and his counsel of record as Class Counsel.

2.      A declaration that Defendant has violated the WARN Act;

3.      A declaration that Defendant has violated the California WARN Act;

4.      A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 USC § 2104(a)(1)(A) and/or the California WARN Act, Cal. Lab. Code § 1402;

4.      A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 USC § 2104(a)(1)(B) and/or the California WARN Act, Cal. Lab. Code § 1402;

5.      A finding that Defendant's violations of the WARN Act and/or the California WARN Act were and are willful, not in good faith, and that Defendant had no reasonable grounds for believing that its plant closing and/or mass layoff was not in violation of the notice requirements of the WARN Act, 29 USC § 2102 and/or the California WARN Act, Cal. Lab. Code § 1401;

6.      A judgment against Defendant and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 USC § 2104(a)(6) and/or the California WARN Act, Cal. Lab. Code § 1404, and for discretionary costs pursuant to Federal Rule of

Civil Procedure 54(d);

7.      A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 USC § 2104(a)(3) and/or Cal. Lab. Code § 1404; and,

8.      Such other and further relief as this Court deems just and proper and allowed under the WARN Act and/or the California WARN Act.

Respectfully submitted,

DATED: October 7, 2022                    By: /s/Eve H. Cervantez

Eve H. Cervantez (SBN 164709)
Danielle E. Leonard (SBN 218201)
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: ecervantez@altshulerberzon.com
          dleonard@alshulerberzon.com

Matthew J. Matern (SBN 159798)
Dalia R. Khalili (SBN 253840)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901
Email: mmatern@maternlawgroup.com
          dkhalili@maternlawgroup.com

J. Gerard Stranch, IV* (BPR #023045)
**BRANSTETTER, STRANCH &**
  **JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419

Email: gerards@bsjfirm.com

Alyson Steele Beridon* (OH #87496)
**BRANSTETTER, STRANCH &**
  **JENNINGS, PLLC**
425 Walnut St., Suite 2315
Cincinnati, OH 45202
Telephone (513) 381-2224
Facsimile: 615/255-5419
Email: alysonb@bsjfirm.com

Lynn A. Toops*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481
Email: ltoops@cohenandmalad.com

Samuel Strauss*
**TURKE & STRAUSS, LLP**
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: 608-237-1775
Email: Sam@turkestrauss.com

*Attorneys for Plaintiff*

*pro hac vice* application forthcoming

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury for all such triable claims.

3

4

Respectfully submitted,

5

6

DATED: October 7, 2022          By: /s/Eve H. Cervantez

7

Eve H. Cervantez (SBN 164709)
Danielle E. Leonard (SBN 218201)

8

**ALTSHULER BERZON LLP**

9

177 Post Street, Suite 300
San Francisco, California 94108

10

Telephone: (415) 421-7151

11

Facsimile: (415) 362-8064
Email: ecervantez@altshulerberzon.com

12

dleonard@alshulerberzon.com

13

Matthew J. Matern (SBN 159798)

14

Dalia R. Khalili (SBN 253840)

15

**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200

16

Manhattan Beach, California 90266

17

Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901

18

Email: mmatern@maternlawgroup.com

19

dkhalili@maternlawgroup.com

20

J. Gerard Stranch, IV* (BPR #023045)

21

**BRANSTETTER, STRANCH &**
  **JENNINGS, PLLC**

22

223 Rosa Parks Ave. Suite 200

23

Nashville, TN 37203
Telephone: 615/254-8801

24

Facsimile: 615/255-5419

25

Email: gerards@bsjfirm.com

26

Alyson Steele Beridon* (OH #87496)

27

**BRANSTETTER, STRANCH &**
  **JENNINGS, PLLC**

28

425 Walnut St., Suite 2315
Cincinnati, OH 45202
Telephone (513) 381-2224
Facsimile: 615/255-5419
Email: alysonb@bsjfirm.com

Lynn A. Toops*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481
Email: ltoops@cohenandmalad.com

Samuel Strauss*
**TURKE & STRAUSS, LLP**
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: 608-237-1775
Email: Sam@turkestrauss.com

*Attorneys for Plaintiff*

**pro hac vice* application forthcoming