Eve H. Cervantez (SBN 164709)
ecervantez@altshulerberzon.com
Danielle E. Leonard (SBN 218201)
dleonard@alshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Dalia R. Khalili (SBN 253840)
dkhalili@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

*Attorneys for Plaintiffs and the Proposed Class*

[Additional Counsel on Following Page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| DOUG YAUNEY, individually on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HCI, LLC,<br><br>Defendant. | Case No.  5:22-cv-1769-WLH-SHK<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**<br><br>JURY DEMANDED<br><br>Date: August 18, 2023<br>Time: 1:00 p.m.<br>Location: 350 W. 1st Street, Courtroom 9B, 9th Floor, Los Angeles, CA 90012<br><br>Judge Wesley L. Hsu<br>Magistrate Judge Shashi H. Kewalramani |

J. Gerard Stranch, IV, *pro hac vice*
gstranch@stranchlaw.com
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801

Lynn A. Toops, *pro hac vice*
ltoops@cohenandmalad.com
Amina A. Thomas, *pro hac vice*
athomas@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481

Samuel Strauss*
Sam@turkestrauss.com
Raina C. Borrelli, *pro hac vice*
Raina@turkestrauss.com
TURKE & STRAUSS, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775

*Attorneys for Plaintiffs and the Proposed Class*

**pro hac vice* application forthcoming

## I. INTRODUCTION

On October 7, 2022, Plaintiff Doug Yauney brought this class action suit against HCI, LLC ("HCI" or "Defendant"), alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101–09, *et seq.* ("WARN Act"), and/or the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, *et seq.* ("California WARN Act"). To date and despite being properly served, HCI has failed to appear, answer, or otherwise respond to the Complaint, thus denying Plaintiff the opportunity for discovery through traditional means. To present the Court with a more complete record on its motion for class certification and default judgment, Plaintiff needs evidence regarding the scope of Defendants' unlawful activities, the size of the class, potentially involved third parties, class wide damages, and the assets Defendant possesses. Additionally, Plaintiff believes that HCI assigned all of its assets to a third-party entity, Armory Consulting Co., on the same day that all employees were terminated, and seeks discovery from that third-party entity. Because Defendant has refused to appear in this action, Plaintiff requests leave to serve limited discovery requests upon HCI and/or Armory Consulting.[1]

## II. BACKGROUND

Defendant HCI is a company incorporated and existing under the laws of California that provides telecommunication services. (Dkt. 1, Compl., PageID 3, ¶¶ 9–10). On or about August 9, 2022, HCI summarily terminated at least 50 of the 150 of its employees, including Plaintiff. (*Id.* at PageID 4, ¶ 11). HCI never notified the employees before that time of their imminent termination, nor did it provide any prior notice of the closure to the State of California, any entity designated by the State of California to carry out rapid response activities, the State of California Economic Development Department, or the chief elected official of the City or County of

---

[1] Defendants have refused to respond to reasonable efforts to meet and confer regarding the substance of this Motion pursuant to Local Rule 7-3. *See* Declaration of J. Gerard Stranch, IV, filed herewith.

Riverside. (*Id.* at PageID 4, ¶¶ 12–13).

Plaintiff filed this Class Action Complaint on October 7, 2022, alleging violations of the WARN Act and California WARN Act. (*See generally id.*). Specifically, Plaintiff avers that Defendant failed to provide the employees, who were terminated on or around August 9, 2022, including himself, with proper notice as required under the WARN Act and California WARN Act. (*Id.* at PageID 5, ¶ 16). Defendant had no reasonable grounds or basis for believing that the mass layoff it ordered was not in violation of the notice requirements under the statutes. (*Id.*). Defendant is liable to the employees for 60 days' worth of wages as damages. (*Id.* at PageID 8, ¶¶ 29-33 (Federal WARN Act); PageID 9 ¶¶ 39-44 (California WARN Act)).

On or about November 15, 2022, Plaintiff attempted to effectuate service by attempting to serve Defendant HCI's registered agent for service of process in California, George Blanco. (Dkt. 26, Proof of Service, PageID 79). Those attempts, however, were unsuccessful because the agent's office is closed and empty. (*Id.*). On December 2, 2022, Plaintiffs, consistent with Federal Rule of Civil Procedure 4(h), California Code of Civil Procedure section 415.10 (personal service), and section 416.10(b) (service of corporation through corporate officer), effectuated service by personal service on Defendant's corporate manager Simon Wachsberg in Houston, Texas. (*Id.* at PageID 81-83). Mr. Wachsberg is a person through whom service on this corporation can be effectuated under California Code of Civil Procedure section 416.10(b) because he was listed on Defendant HCI's most recent Statement of Information filed with the California Secretary of State. (*Id.* at PageID 85-86 (Defendant HCI's most recent Statement of Information filed with California Secretary of State, listing Simon Wachsberg as a corporate manager). To date, HCI has failed to appear, respond, or contact Plaintiff's counsel. Consequently, pursuant to Plaintiff's request, on February 23, 2023, the Clerk of Court entered default against HCI. (Dkt. 28, Default by Clerk, PageID 98).

Following entry of default and service of the documents pertaining thereto on Mr. Wachsberg, Mr. Wachsberg contacted Plaintiff's counsel to inform them that Defendant HCI executed a General Assignment for the benefit of their creditors to Armory Consulting Co. (*See* Decl. of J. Gerard Stranch, IV, Ex. 1: Notice of Assignment for the Benefit of the Creditors and Deadline to Submit Claims, August 25, 2022).

### III. ANALYSIS

Courts allow plaintiffs to seek discovery from a defaulting defendant—or a third party associated with a defaulting defendant—upon a show of good cause. Plaintiff, here, meets that standard because the evidence he seeks is directly relevant to properly establish class certification, determine damages, and discern what assets Defendant possesses.

**A. The Court may permit limited discovery for good cause, including to seek information needed to move for class certification and default judgment.**

In general, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . *or when authorized by these rules, by stipulation, or by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). Courts in the Ninth Circuit employ a "good cause" standard to determine whether to permit discovery prior to the Rule 26(f) conference. *See, e.g.*, *Twitch Interactive, Inc. v. Johnston*, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017) (adopting good cause standard).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at *3. "The court must perform this evaluation in light of 'the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Assef, et al. v. Does 1-10*, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015). "If good cause is shown, early discovery may be ordered, even where a defendant has failed to appear." *Tex. Guar. Student Loan Corp. v.*

*Dhindsa*, 2010 WL 2353520, at *2-3 (E.D. Cal. June 9, 2010) (finding good cause to seek discovery from a defaulting defendant because the defendant was "the only person who had the wage information required to calculate Plaintiff's damages"); *see also Antione v. Bouette*, 2016 WL 6138252, at *2, *4 (M.D. La. Oct. 20, 2016) (finding good cause to seek discovery from third parties associated with defendant because plaintiff bore the burden of showing damages and defendant's failure to appear "deprived Plaintiff of the ability to issue discovery to Defendant in order to obtain information relating to damages suffered by Plaintiff").

Courts find good cause to permit discovery when a plaintiff is precluded from establishing class certification because of a defendant's default. Because "entry of default does not alter the Court's analysis for class certification," *Whitaker v. Bennett Law, PLLC*, No. 13-cv-3145-L NLS, 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014), certification under Rule 23 remains a necessary procedural requirement for the class to recover damages from a defaulting defendant. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (citing *Davis v. Romney*, 490 U.S. F.2d 1360, 1366 (3d Cir. 1974)). So, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366. In the context of a defaulting defendant, without proper certification of a class, a court's authority is limited to entering a default judgment in favor of only the individually named Plaintiff. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006). To facilitate class certification in this circumstance, then, courts permit plaintiffs, following entry of default, to pursue limited discovery related to facts needed to establish class certification. *See, e.g., Fisher v. TheVegasPackage.com, Inc.*, 2021 WL 1318315, at *5 (D. Nev. Apr. 8, 2021) (granting plaintiff leave to conduct "limited discovery [against defaulted defendant] . . . to establish a notice plan, ascertain individual class members, determine class-wide damages, and identify

the assets that defendants possess"); *Yarger v. Fresh Farms,* LLC, 2020 WL 4673229, at *9 (D. Kan. Aug. 12, 2020) ("Plaintiff's request for leave to conduct discovery prior to the entry of a final default judgment is well-taken."); *Eder v. Aspen Home Improvements Inc.*, 2020 WL 6870851, at *1-2 (M.D. Fla. Oct. 2, 2020) (granting Plaintiff leave to conduct discovery related to default class certification and damages).

Courts also permit discovery to ascertain damages because, upon entry of default, Plaintiff's "well-pleaded allegations regarding liability are taken as true except as to the amount of damages." *Garvin v. Tran*, No. C07-01571 HRL, 2011 WL 5574864, at *2 (N.D. Cal. Nov. 16, 2011).

**B. Plaintiff has good cause to seek discovery from HCI and/or Armory Consulting to establish class certification and damages.**

Plaintiff requires factual evidence to support his motion for class certification, to assess a third-party's potential liability and role in this matter, and to ascertain class members' damages. As to the class certification analysis, Plaintiff can establish commonality, typicality, and adequacy—from Federal Rule of Civil Procedure 23(a)—largely based on the uncontested allegations to the complaint. To establish numerosity, however, Plaintiff needs evidence to establish the total number of employees terminated in the layoff. The number of employees terminated is also relevant to calculating damages, and Plaintiff also requires information regarding class members' pay rates to calculate individualized WARN Act damages. Plaintiff reasonably believes that HCI has that information.

In addition, Plaintiff seeks discovery as to these issues from Armory Consulting, the entity to which HCI assigned its assets. Plaintiff believes that Armory Consulting may be in possession of the information he requires, in addition to information concerning any remaining assets of HCI. And to the extent that Armory Consulting was involved in the decision to lay off the workers without giving proper notice under the federal and California WARN Acts, Plaintiff seeks discovery from

Armory Consulting to assess that entity's liability.

Because HCI has refused to appear in this matter, Plaintiff does not know, and without discovery, cannot present concrete evidence of the total number of employees in the class, their wage rates to compute damages, or Armory Consulting's role in the transgressions (if any). Thus, Plaintiff's interest in obtaining discovery for class certification, to calculate damages, and to protect the workers' interest in light of Defendant's failure/refusal to appear and other involved entities, constitutes good cause to conduct limited discovery. HCI and possibly Armory Consulting remain the only entities that plausibly have the "information . . . required to calculate Plaintiff's damages," *Dhindsa*, 2010 WL 2353520, at *3, as well as to understand the number of employees affected, *Antione*, 2016 WL 6138252, at *2. Of course, Plaintiff cannot obtain this evidence through traditional discovery because Defendant has refused to participate in this action. *Antione*, 2016 WL 6138252, at *2 (recognizing plaintiff "has been precluded from engaging in a Rule 26(f) conference and initiating discovery" from defendant's failure to appear). Limited discovery, then, is the only means by which Plaintiff can secure the information he requires to proceed in this action.

This type of relief, as noted in Section II.A., *supra*, has been granted by other courts in similar circumstances. In *Whitaker*, for example, the court granted leave to conduct discovery in support of a motion for class certification under similar circumstances (in a TCPA case, after a default was entered but before default judgment). 2014 WL 5454398, at *3. Likewise, in *Turner v. Coyote's on the Boulevard, Inc.*, Case No. 08-61072-CIV-MARRA, 2009 WL 10667068, at *1 (S.D. Fla. June 12, 2009), the court found good cause to grant leave for discovery, recognizing that "Plaintiff cannot, without discovery, attempt to demonstrate the elements for certification of the class." The relief Plaintiff seeks in this motion is well supported and warranted here.

Finally, Plaintiff's discovery requests are narrowly tailored. *See Am.*

*LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (considering the breadth of plaintiff's discovery requests as a factor to consider when ruling on a motion for expedited discovery). Plaintiff seeks specific information that is only relevant to his motion for class certification, a third-party's potential liability, class members' damages, and Defendant's assets.

## IV.   CONCLUSION

Plaintiff has shown good cause to conduct limited discovery. Without the requested discovery, Plaintiff will be unable to present a complete picture of Defendant's unlawful activities for class certification, provide direct evidence of the damages, discern other appropriate parties to this action, or what assets remain for Plaintiff's to recover damages. Plaintiff's requests are narrow and reasonably tailored to lead to relevant evidence. Therefore, the Court should grant Plaintiff's motion for limited discovery.

Respectfully submitted,

DATED: June 23, 2023                    By: /s

J. Gerard Stranch, IV, *pro hac vice*
gstranch@stranchlaw.com
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801

Eve H. Cervantez (SBN 164709)
ecervantez@altshulerberzon.com
Danielle E. Leonard (SBN 218201)
dleonard@alshulerberzon.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

| | |
|---|---|
| 1 | Matthew J. Matern (SBN 159798) |
| 2 | mmatern@maternlawgroup.com |
|   | Dalia R. Khalili (SBN 253840) |
| 3 | dkhalili@maternlawgroup.com |
| 4 | MATERN LAW GROUP, PC |
|   | 1230 Rosecrans Avenue, Suite 200 |
| 5 | Manhattan Beach, California 90266 |
| 6 | Telephone: (310) 531-1900 |
|   | Facsimile: (310) 531-1901 |
| 7 | |
| 8 | Lynn A. Toops, *pro hac vice* |
|   | ltoops@cohenandmalad.com |
| 9 | Amina A. Thomas, *pro hac vice* |
| 10 | athomas@cohenandmalad.com |
|    | COHEN & MALAD, LLP |
| 11 | One Indiana Square, Suite 1400 |
| 12 | Indianapolis, Indiana 46204 |
|    | Telephone: (317) 636-6481 |
| 13 | |
| 14 | Samuel Strauss* |
|    | Sam@turkestrauss.com |
| 15 | Raina C. Borrelli, *pro hac vice* |
| 16 | Raina@turkestrauss.com |
|    | TURKE & STRAUSS, LLP |
| 17 | 613 Williamson Street, Suite 201 |
| 18 | Madison, WI 53703 |
|    | Telephone: (608) 237-1775 |
| 19 | |
| 20 | *Attorneys for Plaintiff* |
| 21 | **pro hac vice* application forthcoming |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-10-
MPA ISO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served via First-Class United States mail on the 23rd_day of June 2023, to:

HCI, LLC
c/o Simon Wachsberg
10811 Bridlewood St.
Houston, TX 77024-5414

/s/_____
J. Gerard Stranch, IV

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Doug Yauney, certifies that this brief contains 2114 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 23, 2023          /s/_____
                              J. Gerard Stranch, IV