UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG YAUNEY, individually on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>HCI, LLC,<br><br>  Defendant. | Case No. 5:22-cv-1769-WLH-SHK<br><br>**ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY [32]** |

Neither party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. *See* Standing Order for Newly Assigned Civil Cases at 15. Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court has deemed this matter suitable for decision without oral argument.

//

//

//

Plaintiff Doug Yauney moves to conduct limited discovery on Defendant HCI, LLC ("HCI") and on third party Armory Consulting Co. ("Armory"). (Mem. of P. & A. in Supp. of Mot. for Leave to Conduct Ltd. Disc. ("Mot."), Docket No. 32). For the reasons below, the Court **GRANTS** Yauney's Motion.

## I.     BACKGROUND

HCI is a telecommunications company. (Compl., Docket No. 1 ¶ 10). On August 9, 2022, HCI sent an email to employees informing them that HCI was closing, that their services were no longer required, and that they were terminated effective immediately. (*Id.* ¶¶ 2, 4).

Yauney was one of more than 50 employees HCI terminated without notice. (*Id.* ¶ 27). On October 7, 2022, Yauney brought this putative class action on behalf of others terminated by HCI without notice. (*See generally id.*). Yauney brings claims against HCI under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101–09, *et seq.* (the "WARN Act"), and the California Worker Adjustment and Retraining Notification Act, Cal. Lab. Code § 1400, *et seq.* (the "California WARN Act"). (*Id.* ¶¶ 3, 5).

On November 15, 2022, Yauney attempted service on HCI's registered agent for service of process in California, but found the agent's office closed and empty. (Mot. at 4). On December 2, 2022, Yauney effected personal service on Simon Wachsberg, who was listed as a corporate manager for HCI on HCI's most current filing with the California Secretary of State. (*Id.*; Decl. of Gerard Stranch ("Stranch Decl."), Docket No. 33 ¶¶ 3, 5). On February 28, 2023, Wachsberg reached out to Yauney's counsel and stated that he was not a corporate manager of HCI and that all HCI's assets had been assigned to Armory. (Stranch Decl. ¶ 5).

To date, HCI has failed to appear in this case. (Mot. at 4). On February 23, 2023, the Clerk of Court entered default against HCI. (*Id.*; Entry of Default, Docket No. 28).

Yauney's counsel has made attempts to confer with Wachsberg and with a representative for Armory, to no avail. (Stranch Decl. ¶¶ 6–7).

Yauney now seeks leave to conduct limited discovery on HCI and Armory. (*See generally* Mot.). Yauney claims that he needs evidence "to establish the total number of employees terminated in the layoff" for the purpose of certifying the class. (*Id.* at 7). Yauney also hopes to determine class members' pay rates, which he believes HCI has, so he may calculate individualized damages. (*Id.*). Additionally, Yauney seeks discovery on Armory to determine 1) if Armory has information regarding the number of potential class members and their pay rates, 2) the extent to which Armory was involved in—and potentially liable for—HCI's decision to lay off class members without notice, and 3) the amount and recoverability of the assets HCI transferred to Armory. (*Id.* at 7–8).

## II.  LEGAL STANDARD

When a class action defendant has defaulted and the class has not been certified, only the named plaintiff may recover damages through a motion for default judgment. *Whitaker v. Bennett L., PLLC*, No. 13-cv-3145-L NLS, 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014). For the entire class to recover damages, "[c]ertification under [Federal Rule of Civil Procedure] 23 remains a necessary procedural requirement." *Id.*; *see also Canizales Conde v. City Compassionate Caregivers, Inc.*, No. 20-cv-05302-MWF (MRWx), 2020 WL 9259837, at *2 (C.D. Cal. Nov. 10, 2020) (quoting *Whitaker*). Rule 23 requires the party seeking class certification to demonstrate that "the class is so numerous that joinder of all members is impracticable;" that "there are questions of law or fact common to the class;" that "the claims or defenses of the representative parties are typical of the claims or defenses of the class;" and that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)–(4).

Discovery is often necessary for a plaintiff to make the showing required under Rule 23. *See, e.g.*, *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery…."). To take discovery, parties must first comply with Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Rule 26(f) requires that the parties meet and confer "as soon as practicable" to discuss, *inter alia*, a discovery plan. Fed. R. Civ. P. 26(f).

For a court to allow discovery prior to a Rule 26(f) conference, a party must show "good cause" justifying the expedited discovery. *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* The plaintiff may show good cause where, as here, "a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages." *Twitch Interactive, Inc. v. Johnston*, No. 16-CV-03404-BLF, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017).

### III. DISCUSSION

Yauney has established good cause to conduct limited discovery on HCI and Armory. HCI is the appropriate party from which to seek discovery regarding the numerosity and pay rates of terminated employees, which will affect both the class certification analysis and the calculation of damages. In contrast, there is no indication that discovery will prejudice HCI.

Discovery from Armory, the third-party entity to which HCI transferred its assets, is also appropriate. Given HCI's non-participation in this case to date, discovery from Armory may be the only way to obtain information sought from HCI. *Cf. Twitch*

*Interactive*, 2017 WL 1133520, at *3 (granting leave to conduct limited discovery on third party related to defaulted defendants' revenues and profits). Furthermore, through discovery, Yauney may get to the bottom of Armory's potential liability in this action and the possibility for recovery of the assets HCI transferred to Armory.

Accordingly, the Court **GRANTS** Yauney's Motion for Leave to Conduct Limited Discovery on Defendant HCI and non-party Armory.

## IV. CONCLUSION

Yauney is hereby granted leave to serve Rule 45 subpoenas for notices of deposition and/or production of documents (at Yauney's election) on Defendant HCI, LLC and non-party Armory Consulting Co. for discovery of evidence sufficient to:

1. Establish the numerosity requirement for purposes of class certification;
2. Calculate individualized WARN Act damages;
3. Determine the extent of Armory's involvement in the decision to terminate HCI employees without notice; and
4. Determine the extent of HCI's remaining assets, including, but not limited to, assets transferred to Armory.

In granting Yauney leave to conduct this limited discovery, the Court does not foreclose HCI or Armory from making valid objections to the subpoenas. Yauney must obtain leave of court to conduct any follow up discovery.

Yauney is ordered to file either a motion for class certification or a report on the status of discovery 90 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: September 25, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE