J. Gerard Stranch, IV, *pro hac vice*
gstranch@stranchlaw.com
Michael C. Iadevaia, *pro hac vice*
miadevaia@stranchlaw.com
STRANCH, JENNINGS & GARVEY
223 Rosa L. Parks Avenue,
Suite 200, Nashville, TN 37203
Telephone: (615) 254-8801
*Additional counsel for Plaintiff and the Proposed Class*
*on following page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DOUG YAUNEY, individually on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>HCI, LLC,<br><br>        Defendant | Case No.: 5:22-cv-1769<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND DEFAULT JUDGMENT**<br><br>Date: September 20, 2024<br>Time: 1:30 p.m.<br>Location: 350 W. 1st Street, Courtroom 9B, 9th Floor, Los Angeles, CA 90012<br>Judge Wesley L. Hsu<br>Magistrate Judge Shashi H. Kewalramani |

Eve H. Cervantez (SBN 164709)
ecervantez@altshulerberzon.com
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Dalia R. Khalili (SBN 253840)
dkhalili@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Lynn A. Toops, *pro hac vice*
ltoops@cohenandmalad.com
Amina A. Thomas, *pro hac vice*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481

Samuel Strauss*
Sam@turkestrauss.com
Raina C. Borrelli, *pro hac vice*
Raina@turkestrauss.com
TURKE & STRAUSS, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: 608-237-1775
*Counsel for Plaintiff and the Proposed Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES**……………………………………………………5

**INTRODUCTION**………………………………………………………..8

**FACTUAL BACKGROUND**………………………………………………8

**ARGUMENT**………………………………………………………….......10

  **I. CLASS CERTIFICATION**………………………………………………10

    **A. Legal Standard**…………………………………………………..11

    **B. Plaintiff Meets the Requirements of Fed. R. Civ. P. 23 and Class Certification is Appropriate**…………………………………………12

      1. Numerosity……………………………………………………13

      2. Adequacy………………………………………………………13

      3. Typicality………………………………………………………14

      4. Commonality…………………………………………………16

      5. Predominance & Superiority………………………………...17

  **II. DEFAULT JUDGMENT**………………………………………...19

    **A. A Default Judgment is Proper and All Allegations in the Complaint Should be Deemed True Because Defendant HCI has Failed to Appear in this Litigation After Two Years…**…………………………19

      1. Possibility of Prejudice to Plaintiff and the Class…………...19

      2. Merits of Plaintiff and the Class's Substantive Claims and Sufficiency of Complaint……………………………………20

      3. Amount of Money at Stake……………………………..21

4. Possibility of a Dispute Concerning Material Facts……………25

5. Excusable Neglect…………………………………………...25

6. Policy Favoring Decisions on the Merits………………………25

**III. ATTORNEY'S FEES**…………………………………………...26

**CONCLUSION**…………………………………………………………26

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alvarez v. IBP, Inc.*,
   339 F.3d 894 (9th Cir. 2003) ..................................................................22

*Amaral v. Cintas Corp. No. 2*,
   163 Cal. App. 4th 1157 (2008) ..............................................................22

*Bergman v. Thelen LLP*,
   2016 WL 7178529 (N.D. Cal. Dec. 9, 2016)..........................................12

*Brock v. Seto*,
   790 F.2d 1146 (9th Cir. 1986) .........................................................22, 24

*Carrier v. JPB Enterprises, Inc.*,
   206 F.R.D. 332 (D. Me. 2002)................................................................13

*Ciarlante v. Brown & Williamson Tobacco Corp.*,
   1995 WL 764579 (E.D. Pa. Dec. 18, 1995)............................................13

*Collins v. Gee West Seattle, LLC*,
   2009 WL 10725362 (W.D. Wa. May 11, 2009)......................................13

*Danning v. Lavine*,
   572 F.2d 1386 (9th Cir. 1978) ...............................................................20

*Davis v. Hutchins*,
   321 F.3d 641 (7th Cir. 2003) ..................................................................11

*Davis v. Romney*,
   490 U.S. F.2d 1360, 1366 (3d Cir. 1974) ...............................................11

*Dr JKL Ltd. v. HPC IT Educ. Ctr.*,
   749 F. Supp. 2d 1038 (N.D. Cal. 2010)..................................................20

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) .......................................19, 20, 21, 26

*Electra Entmt't Grp. Inc. v. Crawford*,
   226 F.R.D. 388 (C.D. Cal. 2005)............................................................19

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ............................................................15

*Etzelsberger v. Fisker Automotive, Inc.*,
300 F.R.D. 378 (C.D. Cal. 2013).............................................*passim*

*Fair Housing of Marin v. Combs*,
285 F.3d 899 (9th Cir. 2002) ......................................................20, 25

*Gunderson v. Alta Devices, Inc.*,
2021 WL 4461569 (N.D. Cal. Sept. 29, 2021) ....................20, 23, 24

*Hanson v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ..........................................................16

*Igarashi v. H.I.S. Guam Inc.*,
2023 WL 8899216 (D. Guam Dec. 27, 2023) ...............15, 16, 17, 20

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017) ..........................................................15

*Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas
Sands, Inc.*,
244 F.3d 1152 (9th Cir. 2001) ....................................................13, 23

*Partington v. Am. Int'l Specialty Lines Ins. Co.*,
443 F.3d 334 (4th Cir. 2006) ............................................................11

*PepsiCo, Inc. v. Cal. Sec. Cans*,
238 F. Supp. 2d 1172 (C.D. Cal. 2002) ......................................21, 25

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
219 F.R.D. 494 (C.D. Cal. 2003).......................................................21

*Pryor v. Aerotek Scientific LLC*,
278 F.R.D. 516 (C.D. Cal. 2011)......................................................16

*Sali v. Corona Reg'l Med. Ctr.*,
909 F.3d 996 (9th Cir. 2018) ............................................................12

*Sprint Nextel Corp. v. Welch*,
2014 WL 68957 (E.D. Cal. Jan. 8, 2014) ................11, 12, 19, 20, 25

*Surtain v. Hamlin Terrace Found.*,
   789 F.3d 1239 (11th Cir. 2015) .........................................................................20

*TCI Group Life Ins. Plan. v. Knoebber*,
   244 F.3d 691 (9th Cir. 2001) .............................................................................25

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) .............................................................................25

*Truong Giang Corp. v. Twinstar Tea Corp.*,
   2007 WL 1545173 (N.D. Cal. 2007) .................................................................21

*Whitaker v. Bennett Law, PLLC*,
   No. 13-cv-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27,
   2014) ...................................................................................................................11

## Statutes

29 U.S.C. §§ 2101-2102 .........................................................................................20

29 U.S.C. § 2102(a) .................................................................................................15

29 U.S.C. § 2104(a)(1) .......................................................................................23, 24

29 U.S.C. § 2104(a)(6) .............................................................................................26

Cal. Code of Civ. Pro. §§ 415.10 and 416.10(b) ................................................9, 10

Cal. Lab. Code § 1402(a)(1)-(2) .........................................................................23, 24

Cal. Lab. Code §§ 1404, 1406 ..................................................................................26

California WARN Act, Cal. Lab. Code § 1400, *et seq.*......................................8, 22

## INTRODUCTION

Defendant HCI, LLC ("HCI") closed its doors with no proper notice to its 498 employees, violating the California WARN Act, Cal. Lab. Code § 1400, *et seq.*, and the federal WARN Act, 29 U.S.C. § 2101, *et seq.* After filing suit on October 7, 2022, HCI failed to engage with this lawsuit, leading the court to enter default against HCI on February 23, 2023. With leave of the Court, Plaintiff performed limited discovery to evaluate the Plaintiff's damages and the proposed class. (*See generally*, Dkt. 40).

Having completed the limited discovery ordered by the Court, Plaintiff now seeks to certify following class:

> All employees of HCI, LLC whose employment was permanently terminated or temporarily suspended within 30 days of August 9, 2022.

(Dkt. 1, Compl. at PageID 5, ¶ 17). Further, Plaintiff moves the Court to appoint him as class representative and his counsel as class counsel.

After the Court grants class certification, Plaintiff moves for default judgment. Based on the financial data provided by Armory Consulting Co., and as further described below, Plaintiff has calculated the classwide damages to be $5,329,993.71. In addition, per Local Rule 55-3, an attorney's fees award of $112,199.87 is appropriate. This Court should certify the proposed class and grant default judgment in the total amount of $5,442,193.58 against HCI.

## FACTUAL BACKGROUND

HCI is a California company that provides telecommunication services. (Dkt. 1, Compl., PageID 3, ¶¶ 9-10). On or about August 9, 2022, HCI summarily

terminated nearly 500 of its employees, including Plaintiff, Doug Yauney. (*Id*. at PageID 4, ¶ 11; see also Ex. A to Decl. of J. Gerard Stranch, IV ("Stranch Decl."), rows 2-499). Prior to August 9, 2022, HCI never reached out to, provided notice to, or otherwise informed the employees of their imminent termination, nor did HCI provide any prior notice of the closure to the relevant state authorities. (*Id*. at PageID 4, ¶¶ 12-13).

On October 7, 2022, Plaintiff filed his Class Action Complaint against HCI, alleging violations of the WARN Act and California WARN Act. (*See generally* Dkt. 1, Compl.). Specifically, Plaintiff avers that Defendant failed to provide its terminated employees with proper notice as required under the WARN Act and California WARN Act. (*Id*. at PageID 5, ¶ 16). Defendant had no reasonable grounds or basis for believing that the mass layoff it ordered was not in violation of the notice requirements under the statutes. (*Id*.) Thus, HCI is liable to the affected employees for 60 days' worth of wages as damages. (*Id*. at PageID 8, ¶¶ 29-33 (Federal WARN Act); PageID 9 ¶¶ 39-44 (California WARN Act)).

On or about November 15, 2022, Plaintiff attempted to effectuate service serving HCI's registered agent for service of process in California, George Blanco. (Dkt. 26, Proof of Service, PageID 79). Those attempts, however, were unsuccessful because the agent's office was closed and empty. (*Id*.). On December 2, 2022, Plaintiff effectuated personal service on HCI's corporate manager, Simon Wachsberg, pursuant to Fed. R. Civ. P. 4(h) and Cal. Code of Civ. Pro. §§ 415.10 and 416.10(b). (*Id*. at PageID 81-83). At the time of this filing, neither Mr. Wachsberg nor any other representative of HCI had appeared, responded to, and/or

engaged with Plaintiff's lawsuit in any fashion. Consequently, on February 22, 2023, Plaintiff sought an entry of default under Fed. R. Civ. P. 55(a). (Dkt. 27, Request for Clerk to Enter Default against Defendant HCI). The following day on February 23, 2023, the Clerk entered a default against HCI. (Dkt. 28, Default by Clerk of Court, PageID 98).

Thereafter, Plaintiff moved for, and the Court granted, leave to conduct limited discovery to obtain evidence needed for class certification, determine the extent of damages, and uncover whether a third-party company, Armory Consulting Co., was involved in ordering HCI's layoffs with no notice. (*See generally* Dkt. 40, Order on Plaintiff's Motion for Leave to Conduct Limited Discovery). Plaintiff then served discovery requests on Armory Consulting Co. and Mr. Wachsberg. Mr. Wachsberg did not respond, but Armory Consulting Co. produced to Plaintiff a spreadsheet of all employees terminated on or around August 8, 2022. (Ex. A to Stranch Decl.). This is the only spreadsheet of employee records within Armory Consulting Co.'s possession and that remains from the pending liquidation of HCI's assets. The spreadsheet lists 499 employees and specifies each employee's final hourly wage rate. (*Id.*).

Having completed his limited discovery, Plaintiff now moves for class certification and default judgment against HCI for $5,442,193.58.

## ARGUMENT

## I.    CLASS CERTIFICATION

Plaintiff first moves for class certification. Because "entry of default does not alter the Court's analysis for class certification," certification under Fed. R. Civ. P.

23 remains a necessary procedural requirement for the class to recover damages from a defaulting defendant. *Whitaker v. Bennett Law, PLLC*, No. 13-cv-3145-L NLS, 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014). The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003) (citing *Davis v. Romney*, 490 U.S. F.2d 1360, 1366 (3d Cir. 1974)). As a result, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney*, 490 F.2d at 1366. In the context of a defaulting defendant, a court's authority is limited to entering a default judgment in favor of only the individually named Plaintiff unless a class has been properly certified. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006). For the reasons that follow, the Court should certify the proposed class, appoint Yauney as class representative, and appoint the undersigned counsel as class counsel.

### A. Legal Standard

The Court retains broad discretion to certify a class. "[T]he question is not whether the plaintiff has stated a cause of action or will prevail on the merits, but rather whether the requirements of [Fed. R. Civ. P.] Rule 23 are met." *Whitaker v. Bennett Law, PLLC*, 2014 WL 5454398, at *2 (S.D. Cal. Oct. 27, 2014) (quoting *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 444 (N.D. Cal. 2008)). Where, as here, Defendant defaulted, "[u]pon entry of default, the complaint's factual allegations regarding liability are taken as true." *Sprint Nextel Corp. v. Welch*, 2014 WL 68957, at *2 (E.D. Cal. Jan. 8, 2014).

### B. Plaintiff Meets the Requirements of Fed. R. Civ. P. 23 and Class Certification is Appropriate

Under Rule 23, class certification is appropriate when:

1) [t]he class is so numerous that joinder of all members is impracticable;

2) there are questions of law or fact common to the class;

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to meeting these requirements, the plaintiff must show the proposed class meets one of the three categories enumerated in Rule 23(b). *See* Fed. R. Civ. P. 23(b); *see also Etzelsberger v. Fisker Automotive, Inc.*, 300 F.R.D. 378, 382 (C.D. Cal. 2013) (granting unopposed motion for class certification in WARN Act matter). "In evaluating a motion for class certification, a district court need only consider 'material sufficient to form a reasonable judgment on each [Rule 23(a)] requirement.' The Court's consideration should not be limited to only admissible evidence." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018) (quoting *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975)). And here, given HCI's default status, it is deemed to have admitted the allegations of the complaint. *Sprint Nextel Corp.*, 2014 WL 68957, at *2 ("Upon entry of default, the complaint's factual allegations regarding liability are taken as true.").

"[C]laims under the WARN Act are 'particularly amenable to class litigation.'" *Bergman v. Thelen LLP*, 2016 WL 7178529, at *5 (N.D. Cal. Dec. 9, 2016) (citing *Finnan v. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989)). This, buttressed by HCI's admissions and the limited discovery obtained from

Armory Consulting outlined below, demonstrates the putative class satisfies each of Rule 23's requirements.

### 1. Numerosity

Numerosity is satisfied when the moving party shows "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). spreadsheet showing that HCI terminated 499 employees (Ex. A to Stranch Decl.), a class that easily satisfies numerosity. *See, e.g., Collins v. Gee West Seattle, LLC*, 2009 WL 10725362, at *2 (W.D. Wa. May 11, 2009) (154 employees satisfies WARN Act class action numerosity requirement); *Etzelsberger*, 399 F.R.D. at 382 (class of 160 former employees satisfies numerosity requirement in WARN Act case); *Carlberg*, 2017 WL 903457, at *5 (150 former employees satisfies 23(a)(1)); *Carrier v. JPB Enterprises, Inc.*, 206 F.R.D. 332, 334 (D. Me. 2002) (class of 123 individuals satisfies numerosity in WARN Act case); *Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 WL 764579, at *2 (E.D. Pa. Dec. 18, 1995) (class of 120 individuals satisfies numerosity in WARN Act case).

### 2. Adequacy

Fed. R. Civ. P. 23(a)(4) requires that "the representative parties [must] fairly and adequately protect the interests of the class." To make this assessment, courts consider "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) (citing *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994)). Put differently, the Court

should consider "(1) whether the proposed class representative and his counsel 'have any conflicts of interest with other class members'" and "(2) whether the proposed class representative and his counsel '[will] prosecute the action vigorously on behalf of the class.'" *Etzelsberger*, 300 F.R.D. at 383-84 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)).

Here, Plaintiff's interests align with those of the putative class members. (Dkt. 1, Compl. PageID 6, ¶ 18(d)). As a terminated employee, Plaintiff "has the same incentives as the absent class members to obtain relief for [HCI's] alleged violations of the WARN Acts." *Etzelsberger*, 300 F.R.D. at 384. Moreover, Plaintiff has retained experienced counsel with an extensive history of class action litigation, including employment litigation and in WARN Act cases. (Stranch Decl. at ¶¶ 19-21; *see also* Ex. C to Stranch Decl. (Law Firm Resumes)). Finally, Plaintiff and his Plaintiff's counsel have litigated tenaciously to date, despite the absence of a responding defendant and the attendant difficulties in establishing the facts necessary to secure a judgment on behalf of the class. Stranch Decl. at ¶¶ 8, 12, 13, 23. Plaintiff's decision to retain experienced counsel strongly supports adequacy of representation here. *See Las Vegas Sands*, 244 F.3d at 1162; *see also Etzelsberger*, 300 F.R.D. at 384 ("His counsel has substantial WARN Act class action experience and is more than capable of fairly and adequately representing Mr. Etzelsberger and the proposed class").

### 3. Typicality

Typicality requires "the claims or defenses of the representative party [to be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality

refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief it sought." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). To determine whether the representative has claims that are typical of the class as a whole, the Court should look at "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course or conduct." *Igarashi v. H.I.S. Guam Inc.*, 2023 WL 8899216, at *5 (D. Guam Dec. 27, 2023); *see also Etzelsberger*, 300 F.R.D. at 383 ("Representative claims are 'typical' if they are reasonably coextensive with those of the absent class members; they need not be substantially identical.").

Here, the Plaintiff's claims are typical of the proposed class. Plaintiff, like all other putative class members, was an employee of HCI who was laid off during the August 9, 2022, mass termination event. (Dkt. 1, Compl., PageID 3-4, ¶¶ 2-5, 8, 10-13). Each class member's claim is identical: HCI failed to provide 60-days' notice prior to termination in violation of the federal and California WARN Acts. *See* 29 U.S.C. § 2102(a) (2014); *see also* Dkt. 1, Compl., PageID 6, ¶ 19(c). Any differences among the class, like differences in pay rate, go to damages, which does not defeat typicality. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("The requirement of typicality is not primarily concerned with whether each person in a proposed class suffers the same type of damages; rather, it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.").

4.  Commonality

Commonality requires common questions of law and fact among class members. *See Hanson v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). To establish commonality, "[t]he 'claims must depend on a common contention' and '[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Etzelsberger*, 300 F.R.D. at 383 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). Both WARN Act claims require Plaintiff to show: "(1) Defendant is an 'employer', (2) the class members were 'employees', (3) the employees suffered an 'employment loss' through a 'mass layoff', and (4) there was a failure to issue the required 60-day written notice." *Igarashi*, 2023 WL 8899216, at *5. These WARN Act elements, are particularly suitable to satisfy the commonality prong because "[p]roving these elements [does] not [require] a 'highly individualized analysis' that would require a mini-trial for each class member." *Id.*; *see also Etzelsberger*, 300 F.R.D. at 382-83; *Pryor v. Aerotek Scientific LLC*, 278 F.R.D. 516, 532-33 (C.D. Cal. 2011).

Plaintiff's claim shares an overarching common thread with the class's claims: the August 9, 2022 mass layoff. As in *Igarashi*, Plaintiff and every other HCI employee was laid off on the same day, and the question of whether that layoff followed the notice protocol mandated by the federal and California WARN Acts is identical as to every member of the putative class, Plaintiff included. (Dkt. 1, Compl. at PageID 6, ¶ 18(b)). Therefore, commonality is satisfied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 5. Predominance & Superiority

#### i. Predominance

In addition to meeting the requirements of Fed. R. Civ. P. 23(a), a class must fall within one of the enumerated categories of Rule 23(b) to be certified. To grant certification of a "damages class" under 23(b)(3), the court must determine "that '[(i)] the questions of law or fact common to class members predominate over any questions affecting only individual member, and [(ii)] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" Fed. R. Civ. P. 23(b)(3); *Igarashi*, 2023 WL 8899216, at \*7. Proving predominance requires showing "a common question relates to the central issue of the plaintiff's claim." *Igarashi*, 2023 WL 8899216, at \*7; *Etzelsberger*, 300 F.R.D. at 384. WARN Act cases are well-situated to satisfy predominance.

Common questions of law and fact predominate in this case. As in *Etzelsberger*, the "[l]itigation of this case will focus primarily on whether [HCI] is a covered employer under the WARN Act, whether the terminations were related to plant closings or mass layoffs, whether [HCI] provided notice to terminated employees, and whether [HCI] otherwise provided adequate compensation." *Etzelsberger*, 300 F.R.D. at 384. HCI has already admitted these facts through its failure to enter an appearance or respond to the allegations of the complaint (Dkt. 1, PageID 7-10, ¶¶ 22-44). Importantly, each claim rises or falls under these elements. Thus, Plaintiff has satisfied the predominance prong.

ii. <u>Superiority</u>

In addition to predominance, Rule 23(b)(3) requires that a class action be "the superior method for resolving a controversy '[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency.'" *Etzelsberger*, 300 F.R.D. at 384 (citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996)). In assessing superiority, the Court should consider "(1) The class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action." *Id*. at 384-85.

The class action is superior vehicle. There is no evidence that any putative class members have interest in controlling an individual prosecution. Moreover, the damages available under the WARN Act, 60 days' back pay and benefits, are not sufficient to incentivize taking the significant risks and bearing the significant costs of litigating the case on an individual basis. Finally, prosecuting this case on a class basis supports judicial economy and efficiency by squashing the race to the courthouse and potential inconsistencies which could crop up in individualized judgments. By resolving the matter on a classwide basis, each class member's claims, should they not opt out, will be resolved in one fell swoop, allowing the court and parties to concentrate their resources into a single lawsuit. Class Action treatment is superior under the circumstances, and this class should be certified.

## II.    DEFAULT JUDGMENT

### A. A Default Judgment is Proper and All Allegations in the Complaint Should be Deemed True Because Defendant HCI has Failed to Appear in this Litigation After Two Years.

The Clerk of Court entered a default against defendant on February 23, 2023. (Dkt. 28, Default). Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff now moves for default judgment on behalf of himself and the certified class. The Court must weigh seven *Eitel* factors to determine whether to convert entry of default into default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Sprint Nextel Corp.*, 2014 WL 68957, at *2 (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)). All these factors weigh in favor of granting a default judgment here on behalf of the class.

### 1. Possibility of Prejudice to Plaintiff and the Class

This factor considers whether plaintiff and the class will suffer prejudice if default judgment is not entered. *Electra Entmt't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Plaintiff and the class would suffer prejudice, absent default judgment, because they "would be denied the right to judicial resolution of the claims presented and would be without other recourse for recovery." *Id.* HCI has not appeared in the case at all, and there is no other party against whom to seek

recovery, so but for a default judgment, plaintiff and the class will be unable to recover at all.

2. <u>Merits of Plaintiff and the Class's Substantive Claims and Sufficiency of Complaint.</u>

Under *Eitel*, "the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 108 (N.D. Cal. 2010). These two factors require that based on the complaint, that plaintiff can "state a claim on which [he] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). All allegations in the complaint are taken as true. *Sprint Nextel Corp.*, 2014 WL 68957, at *2. "The general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Because Plaintiff and the class "alleged sufficient facts to state a plausible claim for relief" under the WARN Act and California WARN Act, *see* Dkt. 1, Compl. at PageID 7-10, ¶¶ 22-44, default judgment is warranted. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). The WARN Act requires a showing that: "(1) Defendant is an 'employer', (2) the class members were 'employees', (3) the employees suffered an 'employment loss' through a 'mass layoff', and (4) there was a failure to issue the required 60-day written notice." *See Igarashi*, 2023 WL 8899216, at *5 (applying 29 U.S.C. §§ 2101-2102). The elements for a violation of the California WARN Act are substantially identical. *See Gunderson v. Alta Devices, Inc.*, 2021 WL 4461569, at *3 (N.D. Cal. Sept. 29, 2021) (explaining similarities between California and federal WARN Acts).

Plaintiff's Class Action Complaint establishes that HCI is an employer within the meaning of the federal and state WARN Acts. (Dkt. 1, Compl. at ¶¶ 10, 14, 23, 35). Additionally, Plaintiff and the class members are employees within the meaning of the statutes who all worked for HCI prior to the August 9, 2022, mass layoffs. (*Id*. at ¶¶ 8, 24, 36; *see also* Ex. A to Stranch Decl. (list of employees affected by Aug. 9, 2022, mass layoff). Plaintiff and the putative class were terminated in a mass layoff by HCI, which caused the abrupt loss of benefits and income to Plaintiff and the class. (*Id*. at ¶¶ 16, 25-27, 37-41). HCI did not give *any* prior notice, much less the required 60-days' notice to its employees or to the appropriate state authorities. (*Id*. at ¶¶ 12-13, 28-30, 38-41). Taking the complaint's allegations as true, as the Court must, Plaintiff is entitled to judgment as a matter of law.

### 3.  Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. 2007). While a plaintiff seeking default judgment must "prove all damages sought in the complaint," *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003), "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes, . . . the solution . . . is not to penalize the employee by

denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work," *Brock v. Seto*, 790 F.2d 1146, 1448 (9th Cir. 1986). "[A]pplying the normal burden of proof in such circumstances would unfairly penalize an employee for the employer's failure to keep proper records and would allow the employer to keep the benefits of the employee's labor without paying full compensation." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1189 (2008). Thus, in other contexts, like under the Fair Labor Standards Act, courts recognize that "approximated awards [are permissible] where . . . the only uncertainty is the amount of damage, not the fact that damages are due." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 914-15 (9th Cir. 2003).

Damages under the California WARN Act (Cal. Lab. Code § 1400, *et seq.*) and the WARN Act (29 U.S.C. § 2101, *et seq.*) are calculated as follows:

(1) Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher.

(2) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.

Cal. Lab. Code § 1402(a)(1)-(2); *see also* 29 U.S.C. § 2104(a)(1) (employer is liable to terminated employees for back pay and benefits under the same calculation rubric). The Ninth Circuit has likened the WARN Act to the "wage worker's

equivalent of business insurance[,] protect[ing] a worker from being told on payday that the plant is closing that afternoon and his stream of income is shut off." *Las Vegas Sands*, 244 F.3d at 1158 (citing *Burns v. Stone Forest Indus., Inc.*, 147 F.3d 1182, 1184 (9th Cir. 1998)). Importantly, this means the Ninth Circuit treats the "'back pay' under the WARN Act [as] a make-whole compensatory remedy, [meaning] damages under the Act should compensate employees for the money they would have earned but for the premature closure in violation of the WARN Act." *Id*. at 1159.

The Ninth Circuit follows the "working day method" for calculating back pay in WARN Act cases. *See Gunderson v. Alta Devices, Inc.*, 2021 WL 4461569, at *3 (N.D. Cal. Sept. 29, 2021). The purpose of this calculation method is to "award 'a sum equal to what [the employee] normally would have earned' had the violation not occurred." *Id*. (citing *Burns*, 147 F.3d at 1185). Under this method, Plaintiff's counsel can calculate "an employee's theoretical backpay by taking her wages earned over the last 14-day pay period, dividing it by 14 days to obtain a 'daily rate,' and multiplying that 'daily rate' by 60 days." *Id*. "By taking the amount earned over the last pay period, converting it to a 'daily' amount over that pay period, and multiplying that by 60, [p]laintiffs provide the best approximation of what an employee would have been paid over a 60-day pay period for however many days she worked during that period." *Id*. Further, this method "does not overcompensate Plaintiffs (or amount to the 'calendar days' method disapproved of by the Ninth Circuit)." *Id*.

To calculate damages, the Court permitted some discovery, which yielded the final pay rate for each terminated employee. Using this information, Plaintiff calculated damages as described in *Gunderson*. (Stranch Decl. at ¶ 12). Based on each employee's wage rate, as supplied by Armory Consulting, Plaintiff computed each employee's daily rate, assuming an average 8-hour work day. (*Id*. at ¶¶ 13-14). Plaintiff then multiplied that daily rate by five to derive a weekly rate. (*Id*. at ¶ 15.) The weekly rate was then multiplied by 8.5 to represent the number of working weeks within a 60-day period. (*Id*. at ¶ 16). Finally, because only the limited responsive documentation as to pay rate obtained from Armory was available, Plaintiff applied a conservative 15% multiplier to each employee's pay to account for benefits over the 60-day period. [1] (*Id*. at ¶ 17).

In total, based on the *Gunderson* method for calculating WARN Act damages, Plaintiff and the class are entitled to $5,329,993.71 in damages.

---

[1] Under both the California and the federal WARN Acts, plaintiff and the putative class are entitled to costs of benefits in the 60-day window. Cal. Lab. Code § 1402(a)(1)-(2); 29 U.S.C. § 2104(a)(1). Armory Consulting did not have any responsive documents to establish the cost of benefits. However, as explained in the Stranch Declaration, a recent analysis by the U.S. Department of Labor Bureau of Labor Statistics estimates that benefit costs average at about $13.02 per hour and account for nearly 38% of private-industry workers. *See* Ex. B to Stranch Decl., U.S. Dep't of Lab., Employer Costs for Employee Compensation – March 2024 (June 18, 2024). Out of an abundance of caution, and to compensate employees for this time, Plaintiff added a 15% multiplier to employees' hourly rate to account for benefit costs. Given the inadequacy of HCI's (or Armory Consulting's) records on this point, Plaintiff believes this estimate to be appropriate. *Brock*, 790 F.2d at 1448.

### 4.  Possibility of a Dispute Concerning Material Facts

As already discussed, Plaintiff's well-pleaded allegations as to liability must be taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). "The district court is not required to make detailed findings of fact." *Fair Housing of Marin*, 285 F.3d at 906. Because Defendant has not appeared for nearly two years, at this point, there is little possibility of a dispute over the material facts.

### 5.  Excusable Neglect

Excusable neglect considers "prejudice, the length of delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *TCI Group Life Ins. Plan. v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Again, no representative for Defendant has appeared for nearly two years. There is no evidence in the record that shows that Defendant has failed to defend the action due to excusable neglect. Thus, this factor weighs in favor of default judgment.

### 6.  Policy Favoring Decisions on the Merits

Although this factor "always weighs against entry of default, . . . the preference to decide cases on the merit does not preclude the Court from entering default judgment." *Sprint Nextel Corp.*, 2014 WL 68957, at *7 (citing *PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). Defendant's failure to answer makes a decision on the merits impractical, if not impossible.  *See PepsiCo, Inc.*, 228 F. Supp. 2d at 1177. Default judgment is appropriate, then, under this factor as well.

\*    \*    \*

On balance, the *Eitel* factors weigh in favor of granting default judgment.

## III.    ATTORNEY'S FEES

Attorney's fees are available for the claims upon which Plaintiff seeks default: the federal WARN Act provides that "the court, in its discretion, may allow the prevailing party a reasonable attorney's fees as part of the costs." 29 U.S.C. § 2104(a)(6). And the California WARN Act recognizes the same authority. Cal. Lab. Code §§ 1404, 1406. In default judgment actions, the Court is generally required to award attorney's fees pursuant to the fee schedule provided in Local Rule 55-3. According to this schedule, where a judgment is over $100,000, attorney's fees are limited to $5,600 plus 2% of the amount over $100,000. Loc. R. 55-3. Two percent of the total damages sought, $5,329,993.71, is $106,588.87. Then, adding in the $5,600, Plaintiff requests an additional $112,199.87 in attorney's fees.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests this Court (1) grants its Motion for Class Certification and Default Judgment and certify the putative class, (2) appoint Plaintiff the named class representative; (3) appoint the undersigned as his counsel as class counsel, (4) enter default judgment in favor of the Plaintiff, and (5) award the class damages in the amount of $5,329,993.71, and award $112,199.87 in attorney's fees.

Dated: August 1, 2024                    Respectfully submitted:

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV, *pro hac vice*
gstranch@stranchlaw.com
Michael C. Iadevaia, *pro hac vice*
miadevaia@stranchlaw.com
STRANCH, JENNINGS & GARVEY
223 Rosa L. Parks Avenue,
Suite 200 Nashville, TN 37203
Telephone: (615) 254-8801

Eve H. Cervantez (SBN 164709)
ecervantez@altshulerberzon.com
Danielle E. Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Matthew J. Matern (SBN 159798)
mmatern@maternlawgroup.com
Dalia R. Khalili (SBN 253840)
dkhalili@maternlawgroup.com
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Lynn A. Toops, *pro hac vice*
ltoops@cohenandmalad.com
Amina A. Thomas, *pro hac vice*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481

Samuel Strauss*

Sam@straussborrelli.com
Raina C. Borrelli, *pro hac vice*
Raina@straussborrelli.com
STRAUSS & BORRELLI, LLP
613 Williamson Street, Suite 201
Madison, WI 53703
Tel: 608-237-1775

*Counsel for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served via First-Class United States mail on this 1st day of August 2024 to:

> HCI, LLC
> c/o Simon Wachsberg
> 10811 Bridlewood St.
> Houston, TX 77024-5414

*/s/ Gerard Stranch, IV*
J. Gerard Stranch, IV

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff Doug Yauney certifies that this brief contains 4,988 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 1, 2024

*/s/ Gerard Stranch, IV*
J. Gerard Stranch, IV